# EXHIBIT 1

# EXHIBIT 1

**ORIGINAL**

**FILED**

2015 JUL -2 PM 4: 51

JACQUELINE BRYANT
CLERK OF THE COURT

DEPUTY

3645
PARSONS BEHLE & LATIMER
Rew R. Goodenow, NV Bar No. 3722
Ashley C. Nikkel, NV Bar No. 12838
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
RGoodenow@parsonsbehle.com
ANikkel@parsonsbehle.com

*Attorneys for Petitioner Golden Phoenix Minerals, Inc.*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

### IN AND FOR THE COUNTY OF WASHOE

GOLDEN PHOENIX MINERALS, INC.,

        Petitioner,

vs.

PINNACLE MINERALS, INC.,

        Respondent.

Case No. CV15 01300

Dept. No. 1

## PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO NRS 38.239

Petitioner Golden Phoenix Minerals, Inc. ("Golden Phoenix"), by and through

undersigned counsel, hereby brings this Petition to Confirm Arbitration Award Pursuant to NRS

38.239, and states and alleges as follows:

### I. NATURE OF PETITION

1. This Petition is brought pursuant to NRS 38.239, and, to the extent it applies, the Federal

    Arbitration Act, Pub. L. 68-401, 43 Stat. 833, codified at 9 U.S.C. § 1 et seq., and seeks an

    Order of the Court to confirm the final arbitration award entered in the binding arbitration

    between Golden Phoenix and Respondent Pinnacle Minerals, Inc. ("Pinnacle") on June 4,

    2015 (attached hereto as **Exhibit 1**).

PARSONS
BEHLE &
LATIMER

4844-1386-9861.v1

2. The request to confirm the arbitration award is timely pursuant to NRS 38.239, as Pinnacle received notice of the arbitrator's award on June 4, 2015.

## II. THE PARTIES

3. Golden Phoenix is a Nevada corporation, with its principal place of business in Sparks, Nevada.

4. Pinnacle is a Florida corporation with its principal place of business in Miami, Florida.

## III. JURISDICTION AND VENUE

5. NRS 38.244 provides: "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under NRS 38.206 to 38.248, inclusive."

6. This dispute arose out of the Membership Interest Purchase Agreement ("Purchase Agreement"), attached hereto as **Exhibit 2**; this agreement required a dispute between Golden Phoenix and Pinnacle to be submitted to binding arbitration, and further provided that the arbitration take place in Washoe County, Nevada:

> 8.10 **Binding Arbitration.** Any dispute between the Parties [Golden Phoenix and Pinnacle] shall be submitted to, and conclusively determined by, binding arbitration under the commercial rules of the American Arbitration Association. The provisions of this Section shall not preclude any Party from seeking injunctive or other provisional or equitable relief in order to preserve the status quo of the Parties pending resolution of the dispute, and the filing of an action seeking injunctive or other provisional relief shall not be construed as a waiver of that Party's arbitration rights. In the case of any dispute between the Parties to this Agreement, a Party shall have the right to initiate the binding arbitration process provided for in this Section by serving upon the other Party or parties a demand for arbitration. Notwithstanding any other provision of law, in order to be enforceable a demand for arbitration must be served within sixty (60) days of the date on which a party discovers, or reasonably should have discovered, facts giving rise to a dispute as defined above. Within thirty (30) days of service of a demand for arbitration by a Party to this Agreement, the Parties shall endeavor in good faith to select a single arbitrator. Any arbitration hearing shall be conducted in Washoe County, Nevada.

7. Pursuant to NRS 38.246, a "motion pursuant to NRS 38.218 [an application for judicial relief] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held."

8. The hearing was held on May 27, 2015, through May 28, 2015, at Jerry Carr Whitehead Mediation, located at 10389 Double R. Boulevard, Reno, NV 89521.  Accordingly, venue is proper in the Second Judicial District Court.

### IV. RELEVANT FACTUAL BACKGROUND

**A.      The Original Federal Action**

9. On March 7, 2011, Golden Phoenix and Pinnacle entered into the Purchase Agreement, whereby Golden Phoenix purchased Pinnacle's interest in Molyco, LLC for $750,000.

10. On May 22, 2013, Pinnacle filed a federal action against Golden Phoenix, alleging non-payment and default of the promissory notes that secured the Purchase Agreement.  *See* Pinnacle Minerals Corp. v. Golden Phoenix Minerals, Case No. 2:21013-cv-00915-MMD-NJK (D. Nev. 2013) (docket attached hereto as **Exhibit 3**).

11. On July 1, 2013, Golden Phoenix then filed a Motion to Stay in order to remove the case to binding arbitration, pursuant to the arbitration clause in the Purchase Agreement (Section 8.10).  *See* Exhibit 3.

**B.      Pre-Hearing Arbitration Proceedings**

12. On July 22, 2013, Pinnacle filed a Notice of Voluntary Dismissal without Prejudice.

13. The parties selected the Honorable Jerry Carr Whitehead (Ret.) ("the Arbitrator") as a neutral arbitrator, and the proceeding was governed by the American Arbitration Association's commercial rules, in accordance with Section 8.10 of the Purchase Agreement.

PARSONS
BEHLE &
LATIMER

4844-1386-9861.v1

14. Once the case was in binding arbitration, Golden Phoenix filed an Answer and Counterclaim, claiming Pinnacle had fraudulently induced it into entering into the Purchase Agreement, and alternatively that Pinnacle had breached the Purchase Agreement, among other things, and requesting damages.

15. The parties engaged in months of discovery and took several depositions of key witnesses; the Court considered pre-hearing motions, including Pinnacle's request for an emergency writ of garnishment, and Golden Phoenix's motion in limine.

16. In response to Pinnacle's request for an emergency writ of garnishment, on April 11, 2014, the Arbitrator entered an Order Granting Emergency Motion for Pre-Judgment Writ of Garnishment ("the Order") following a telephonic hearing (attached hereto as **Exhibit 4**).

17. The Order required Golden Phoenix to deposit $190,000 into its attorney's trust account to be held in order to satisfy any judgment Pinnacle might obtain in the matter. *See* Exhibit 4.

18. Additionally, the Order required Pinnacle to post a $190,000 surety bond or deposit a $190,000 cash bond into its attorney's trust account "to secure costs, fees, and damages Golden Phoenix Minerals, Inc. may sustain by reason of wrongful attachment or in the event Pinnacle Minerals, Inc. does not prevail on its claims." *See* Exhibit 4.

19. Both Pinnacle and Golden Phoenix posted their required security sums.

C.     **The Arbitration Hearing**

20. During the two-day hearing, which began May 27, 2015, Pinnacle was represented by Jose Teurbe-Tolon, Esq., Rick Hsu, Esq., and Matthew Troccolie, Esq., while Golden Phoenix was represented by Rew R. Goodenow, Esq., Ashley C. Nikkel, Esq., and Michael J. Morrison, Esq.

21. The Arbitrator heard testimony from (1) Efraim Diveroli, Pinnacle's principle; (2) Don Gunn, Chief Executive Officer of Golden Phoenix; and (3) Sarah Ham, former general counsel for Golden Phoenix.

22. The Court also reviewed designated depositions from (1) Tom Klein, Golden Phoenix's former CEO; and (2) David Abbott, Jr., Golden Phoenix's expert.

23. Golden Phoenix requested an award of attorney fees pursuant to the language of Section 8.6 of the Purchase Agreement, which provides:

> Should a Party initiate any action or proceeding to enforce this Agreement, the prevailing Party shall be entitled to receive from the other party all reasonable out-of-pocket costs and expenses, including, without limitation, attorneys' fees.

*See* Exhibit 1.

24. The Arbitrator heard closing argument from counsel for both parties, and considered his decision over the course of a week.

**D.   The Arbitrator's Award**

25. On June 4, 2015, the Arbitrator issued a decision in favor of Golden Phoenix ("the Award"). *See* Exhibit 1.

26. The Award provides that Mr. Marko Cerenko, Pinnacle's attorney who held Power of Attorney while Pinnacle's principal, Efraim Diveroli, was incarcerated in federal prison "did not believe that Molyco held title to the tailings pile. Despite this knowledge, Mr. Cerenko represented to Golden Phoenix that they would get title. Counsel was acting with authority from Pinnacle when he made this representations." *See* Exhibit 1, p. 2:3-6.

27. The Arbitrator further found that "it was determined that Molyco did not have title to the property. However, Golden Phoenix had already paid $310,000 to Pinnacle and had executed two promissory notes to them and expended $100,000 on development." *See* Exhibit 1, p. 2:7-10.

28. The Arbitrator concluded:

> I find that Pinnacle committed fraud in the sale of its interest in Molyco, by knowingly misrepresenting the ownership of the property and further breached the contract with Golden Phoenix.

The Arbitrator rules against Pinnacle and denies its claims.

Golden Phoenix is entitled to damages as follows:

| | |
|---|---|
| Return of cash paid: | $310,000.00 |
| Expenses towards production: | $100,000.00 |
| Attorney Fees: | $163,469.00 |
| Loss of Profits: | $1,700,000.00 |
| (Rejected) | |
| Total Damages Awarded: | $573,469.00 |

*See* Exhibit 1, p. 2:13-22.

29. The Arbitrator gave both parties the opportunity to submit further findings of fact for approval, but neither party elected to do so.

30. The Arbitrator further permitted Golden Phoenix to withdraw the $190,000 in security funds held in its attorney's trust account. *See* Exhibit 1, p. 2:24-25.

**E.     Post-Award Proceedings**

31. Following the Award, Golden Phoenix requested a release the $190,000 in security funds held by Pinnacle's attorneys. Pinnacle opposed the request, and the Arbitrator heard oral argument on the matter on June 22, 2015.

32. On June 29, 2015, the Arbitrator issued an Order requiring Pinnacle to release the $190,000 security sum in partial satisfaction of the Award, and provide proof of release of the funds to the Arbitrator no later than Friday, July 3, 2014 at 12:00 p.m. PST (attached hereto as **Exhibit 5**).

PARSONS
BEHLE &
LATIMER

4844-1386-9861.v1

33. On July 2, 2015, Pinnacle filed a Motion for Reconsideration of Order to Release Funds, which Golden Phoenix will oppose.

34. As of the date of the filing of this Petition, Pinnacle has not released the funds.

## V. CLAIM FOR RELIEF

**(Confirmation of Arbitration Award Pursuant to NRS 38.239)**

35. Golden Phoenix incorporates each of the forgoing paragraphs of this Petition as if stated herein.

36. NRS 38.239 provides that "[a]fter a party to an arbitral proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS 38.241.

37. Upon an order confirming the arbitration award, NRS 38.234(1) provides that "the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed and enforced as any other judgment in a civil action."

38. Additionally, NRS 38.234(2) provides for recovery of reasonable costs of the motion and subsequent judicial proceedings, while NRS 38.243(3) provides for an award of reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming the award, "on application of a prevailing party to a contested judicial proceeding under NRS 38.239, 38.241 or 38.242."

39. Golden Phoenix has received notice of the Award, as has Pinnacle.

40. A Motion to Confirm Arbitration Award Pursuant to NRS 38.239 will be filed concurrently with this Petition.

41. No grounds exist for vacating, modifying, correcting, or vacating the Award under NRS 38.237, NRS 38.242, or NRS 38.241.

PARSONS
BEHLE &
LATIMER

4844-1386-9861.v1

7

42. Golden Phoenix respectfully requests the Court enter an order confirming the Award for the amount of $573,269.00.

43. Golden Phoenix respectfully requests the Court enter judgment in conformity with the Order, so that it may be enforced as any other judgment in a civil action.

44. Golden Respectfully requests recovery of reasonable costs of this Petition and Motion and subsequent judicial proceedings, plus an award of reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming the award in the event Pinnacle should contest confirmation of the award.

## VI. PRAYER FOR RELIEF

WHEREFORE, Golden Phoenix respectfully requests:

1.  The Court enter an order and judgment to confirm the Award as provided herein;

2.  That such judgment include an award to Golden Phoenix of its reasonable costs in bringing this action;

3.  That, if this matter is contested, such judgment include an award to Golden Phoenix of its reasonable attorney fees incurred in bringing this action; and

4.  That this Court award Golden Phoenix such further relief as it deems just and proper.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding document does not contain the personal information of any person as defined in NRS 603A.040.

DATED: July 2, 2015.

PARSONS BEHLE & LATIMER

Rew R. Goodenow, NV Bar No. 3722
Ashley C. Nikkel, NV Bar No. 12838
Attorneys for Petitioner

PARSONS
BEHLE &
LATIMER

4844-1386-9861.v1

### INDEX OF EXHIBITS

| Exhibit No. | Description | Pages |
|:---:|:---|:---:|
| 1 | Arbitration Decision | 2 |
| 2 | Membership Interest Purchase Agreement | 7 |
| 3 | Court Docket for Case No. 2:13-cv-00915-MMD-NJK | 4 |
| 4 | Order Granting Emergency Motion for Pre-Judgment Writ of Garnishment | 3 |
| 5 | Order to Release Funds | 5 |



CV15-01900
DC-09900067980-010
GOLDEN PHOENIX MINERALS VS
District Court    3 Pages
Washoe County   07/02/2015 04:51 PM
By:                          $3645
                          K.tnarc

# EXHIBIT 1

# EXHIBIT 1

IN ARBITRATION BEFORE HON. JERRY CARR WHITEHEAD

IN AND FOR WASHOE COUNTY, STATE OF NEVADA

PINNACLE MINERALS CORPORATION )
)
Plaintiff, )
)
Vs. )
)
GOLDEN PHOENIX MINERALS, INC., )
)
Defendant. )
)
GOLDEN PHOENIX MINERALS, INC. )
)
Counter-Claimant, )
)
Vs. )
)
PINNACLE MINERALS CORPORATION, )
)
Counter-Defendant, )
Defendants. )
)

## ARBITRATOR'S DECISION

This dispute concerns a tailings pile in Peru, which was represented by the sellers as being very valuable. The company Molyco was formed to hold title to that tailings pile. Pinnacle Minerals Corporation purchased 32.5% of the membership interest in Molyco and later sold it's interest to Golden Phoenix.

The factual record was somewhat difficult to put together because during the critical period of time the owner of Pinnacle was not involved in the business. Therefore, he gave a Power of Attorney to Marco Cerenko to handle all matters. His attorney, Mr. Cerenko, did not make himself available for his testimony either by deposition or in person at the arbitration. There were two

WHITEHEAD & WHITEHEAD
6450 LOCHLE R BLVD.
RENO, NV 89523
(775) 323-7761

other key witnesses, David Caldwell and Mr. Salaverria, neither or whose testimony was presented to the arbitrator. However, from the available evidence, Mr. Cerenko did not believe that Molyco held title to the tailings pile. Despite this knowledge, Mr. Cerenko represented to Golden Phoenix that they would get title. Counsel was acting with authority from Pinnacle when he made these representations.

Ultimately, it was determined that Molyco did not have title to the property. However, Golden Phoenix had already paid $310,000.00 to Pinnacle and had executed two promissory notes to them and expended $100,000.00 on the development.

Pinnacle brought this arbitration to collect on the promissory notes and for their attorney's fees. Golden Phoenix has defended the action and counter claimed for damages and attorneys fees.

I find that Pinnacle committed fraud in the sale of its interest in Molyco by knowingly misrepresenting the ownership of the property and further breached the contract with Golden Phoenix.

The Arbitrator rules against Pinnacle and denies its claims.

Golden Phoenix is entitled to damages as follows:

| | |
|---|---|
| Return of cash paid. | $310,000.00 |
| Expenses towards production. | $100,000.00 |
| Attorneys Fees: | $163,469.00 |
| Loss of Profits: | $1,700,000.00 |
| | (Rejected) |
| Total Damages Awarded: | $573,469.00 |

If counsel desires specific findings of fact they may submit them for consideration.

Golden Phoenix may now withdraw the funds held in Mr. Morrison's trust account.

*Jerry Carr Whitehead*                      June 4, 2015

Judge Jerry Carr Whitehead, (Ret.)

WHITEHEAD & WHITEHEAD
10389 Double R BLVD.
Reno, NV 89521
(775) 823-7300



# EXHIBIT 2

# EXHIBIT 2

## MEMBERSHIP INTEREST PURCHASE AGREEMENT

This Membership Interest Purchase Agreement (the "Agreement") is made as of March 7, 2011 (the "Effective Date") by and among Golden Phoenix Minerals, Inc., a Nevada corporation ("Golden Phoenix"), Pinnacle Minerals Corporation, a Florida corporation ("Pinnacle"), Molyco, LLC, a Nevada limited liability company (the "Company"), and Salwell International, LLC, a Nevada limited liability company ("Salwell").

### RECITALS

A.   Membership Interest.  Pinnacle is the owner of thirty-two and one-half percent (32.5%) of the Membership Interests (as defined in Section 1.1 below) in the Company, and Salwell is the only other member of the Company (the "Remaining Member").  As used in this Agreement, Golden Phoenix, Pinnacle, the Remaining Member and the Company are sometimes referred to collectively as the "Parties" or individually as a "Party".

B.   Transfer of all Rights in the Company.  Golden Phoenix desires to purchase and acquire from Pinnacle and Pinnacle desires to sell, transfer, and convey to Golden Phoenix the Membership Interests pursuant to the terms and conditions set forth in this Agreement.

### AGREEMENT

1.   Purchase and Sale of the Membership Interests.

1.1   Purchase and Sale.  On the Closing Date (as defined below) and subject to the terms and conditions of this Agreement, Golden Phoenix shall purchase and acquire from Pinnacle and Pinnacle shall sell, convey, and transfer to Golden Phoenix its Membership Interests in the Company, together with any and all other rights, title, and interest of Pinnacle in and to the assets used in the Company business (the "Membership Interests").  Pinnacle agrees and acknowledges that the Membership Interests comprise all of its rights to distributions of profits and assets, net income, and net loss of the Company, and any and all of its rights to vote or participate in management, and to obtain information concerning the business and affairs of the Company.

1.2   Purchase Price.  In consideration for Pinnacle's sale, conveyance, and transfer of the Membership Interests to Golden Phoenix, Golden Phoenix shall pay to Pinnacle the aggregate purchase price of (i) Seven Hundred Fifty Thousand Dollars ($750,000), and (ii) other good and valuable consideration, the receipt and sufficiency of which is hereby confirmed and acknowledged by Pinnacle (the "Purchase Price").

1.3   Closing.  The Closing of the purchase of the Membership Interests will take place on the date that the closing deliverables set forth in Section 1.5 below have been delivered and the closing conditions set forth in Section 1.6 below have been satisfied or duly waived (the "Closing").  In no event shall the Closing be later than March 21, 2011 (the "Outside Closing Date").  Notwithstanding the foregoing, in consideration for a non-refundable deposit of

1

PM-000001

Fifty Thousand Dollars ($50,000), the Outside Closing Date may be extended until March 31, 2011, such amount to be applied to the Purchase Price as set forth below (the "Extension Payment").

        1.4    Payment of the Purchase Price. The Purchase Price shall be paid to Pinnacle as follows: (i) a non-refundable deposit of Seventy-Five Thousand Dollars ($75,000) ("Deposit") shall be paid on, or no later than two (2) business days after, the Effective Date via wire transfer of same day available funds; (ii) an initial payment of One Hundred Seventy-five Thousand Dollars ($175,000) (subject to a corresponding reduction in the event the Extension Payment is made) shall be paid on, or no later than two (2) business days after, the Closing via wire transfer of same day available funds (the "Initial Payment"); and (iii) upon Closing, issuance of a promissory note in the principal amount of Five Hundred Thousand Dollars ($500,000), with payments to be made in twelve (12) equal monthly installments on the first of each month commencing on May 1, 2011 and ending with a final payment on April 1, 2012, in substantially the form attached hereto as Exhibit A and incorporated herein by reference (the "Note"). The Parties acknowledge and agree that payments under the Note may be suspended for such period or periods as Golden Phoenix, or its affiliates, agents, successors or assigns, experience any manner of work stoppage with respect to the Ore (as such term is defined in that certain LLC Operating Agreement of the Company between the Members thereof, dated October 21, 2009, as amended (the "Operating Agreement")), such period(s) not to exceed ninety (90) days, in the aggregate, during the terms of the Note ("Allowed Delay"). Notwithstanding the foregoing, monthly payments under the Note will resume upon the sooner of: (i) the first of the month following the termination of any such event causing an Allowed Delay; or (ii) the first of the month following the expiration of the maximum period of an Allowed Delay, regardless of the status of any such work stoppage, with the maturity date of the Note to be extended for such corresponding period of time. Golden Phoenix shall promptly (and in no event later than five (5) business days) provide Pinnacle with copies of all documents, reports, receipts, written correspondence or such other evidence of a work stoppage as may be reasonably produced, in the event that any manner of work stoppage or such other similar event giving rise to an Allowed Delay occurs. The Parties further acknowledge and agree that payment of the Purchase Price, including payments under the Note, shall be made irrespective of the results of any recovery or sale of the Ore.

        1.5    Closing Deliverables. On or prior to the Closing, Pinnacle shall have delivered to Golden Phoenix: (i) an executed copy of this Agreement and (ii) any and all such instruments, documents or agreements as may be necessary or convenient to effect the transfer of the Membership Interest. On or prior to the Closing, Golden Phoenix shall have delivered to Pinnacle: (i) an executed copy of this Agreement; (ii) the Initial Payment; and (iii) an executed copy of the Note.

        1.6    Closing Conditions. On or prior to the Closing, the following conditions shall have been satisfied by each Party or duly waived: (i) the representations and warranties of each of Pinnacle and Golden Phoenix shall be true and correct as of the Effective Date and as of Closing; and (ii) any and all corporate approvals of Pinnacle and Golden Phoenix as may be necessary shall have been obtained.

    2.      Transfer of Membership Interest.

2

PM-000002

2.1    Taxable Profit and Loss Allocation.    Pinnacle acknowledges and agrees that it shall be allocated the distributive shares of the taxable income, gain, loss, deductions and credits of the Company, if any, with respect to the Membership Interests for the period prior to the Effective Date.  Golden Phoenix acknowledges and agrees that the distributive shares of the taxable income, gain, loss, deductions and credits of the Company with respect to the Membership Interests for the period after the Effective Date shall be allocated to it and the Remaining Member on a pro-rata basis according to their respective pro-rata membership interests.

2.2    Transfer Pursuant to LLC Operating Agreement.    The Company, Pinnacle, and the Remaining Member of the Company agree and acknowledge that the transfers executed by the execution of this Agreement satisfy the requirements of the Company's Operating Agreement for such transfers, including, but not limited to, any such waiver of preemptive rights as may be required by Section 9, any consent as may be required by Section 10.

3.    Mutual Release and Satisfaction of the Prior Notes.  In consideration for the undertakings described in this Agreement, and upon Pinnacle's receipt of the Purchase Price as provided for herein, Pinnacle, the Company and the Remaining Member, and their respective family members, partners, associates, successors, affiliates, co-venturers, heirs, executors, administrators, officers, directors, shareholders and assigns, mutually fully, finally, unconditionally and forever release and discharge each other from any and all claims, demands, losses, damages, causes of action, debts, liabilities, obligations, liens, costs, expenses, attorneys' fees, indemnities, duties, of any nature, arising from, or relating to, the Prior Notes.

4.    Representations, Warranties, Acknowledgments and Covenants of Pinnacle to Golden Phoenix.  As a material inducement to Golden Phoenix to enter into this Agreement and consummate the transactions contemplated hereby, Pinnacle hereby represents, warrants, acknowledges and covenants to Golden Phoenix and the Remaining Member as follows:

4.1    Knowledge and Advice.  Pinnacle understands the economic implications of the transactions contemplated by this Agreement and have had full opportunity to seek advice of counsel and any other appropriate advice with respect to such transactions.

4.2    Ownership of Membership Interest.  Pinnacle is the sole and absolute owner of the Membership Interests and holds, and is hereby transferring, good and full title to the Membership Interests, free and clear of any and all liens and encumbrances and Pinnacle will have no right, title or interest in the Membership Interests or the assets of the Company except pursuant to the Notes.  Pinnacle has not made any assignment, transfer, conveyance or other disposition to any third party as to all or any portion of the Membership Interests, either voluntarily or involuntarily.

4.3    Good Standing.  Pinnacle represents and warrants that as of the Effective Date, both it and the Company are in good standing under the laws of the jurisdiction of its respective incorporation or organization (as applicable), with the requisite power and authority to own and use its properties and assets and to carry on its business as currently conducted.

3

PM-000003

4.4     **Authority; Execution.**  Pinnacle represents and warrants that it has all necessary power and authority to enter into this Agreement and has taken all action necessary to consummate the transactions contemplated hereby and to perform its obligations hereunder. This Agreement constitutes the valid and legally binding obligation of Pinnacle, enforceable in accordance with its terms, subject to the laws of general application relating to bankruptcy, insolvency and the relief of debtors and rules of law governing specific performance, injunctive relief or other equitable remedies.

4.5     **No Conflict.**  Pinnacle will not breach any other agreement or arrangement by entering into or performing this Agreement.

4.6     **Litigation.**  There is no Action (as such term is defined below), which (i) adversely affects or challenges the validity or enforceability of this Agreement, the Membership Interests or the assets of the Company, or (ii) could, if there were an unfavorable decision, individually or in the aggregate, have or reasonably be expected to result in a material adverse effect to Golden Phoenix, the Membership Interests, the Company or any assets of the Company. Neither Pinnacle, nor any of its subsidiaries, is or has been the subject of any Action, which has or could have a material adverse effect on Golden Phoenix, the Membership Interests, the Company or any assets of the Company. For purposes of this Agreement, "Action" shall mean any action, suit, inquiry, notice of violation, proceeding (including any partial proceeding such as a deposition) or investigation, whether pending, threatened or resolved, in writing, against or affecting the Company or any of its properties or assets, before or by any court, arbitrator, governmental or administrative agency, regulatory authority (federal, state, county, local or foreign).

4.7     **Indemnification for Clawbacks.**  In the event of any Action, including an Action against or affecting any officer or director of Pinnacle, which directly or indirectly results in a clawback of any portion of the Membership Interests or any assets or properties of the Company, Pinnacle will indemnify Golden Phoenix to the full extent of the loss resulting from such clawback.

5.     **Representations and Warranties of Golden Phoenix to Pinnacle.**  As a material inducement to Pinnacle to enter into this Agreement and consummate the transactions contemplated hereby Golden Phoenix hereby represents, warrants, acknowledges, and covenants to Pinnacle as follows:

5.1     **Knowledge and Advice.**  Golden Phoenix understands the economic implications of the transactions contemplated by this Agreement and has had full opportunity to seek advice of counsel and any other appropriate advice with respect to such transactions.

5.2     **Good Standing.**  Golden Phoenix represents and warrants that as of the Effective Date, it is in good standing under the laws of the jurisdiction of its incorporation, with the requisite power and authority to own and use its properties and assets and to carry on its business as currently conducted.

5.3     **Authority; Execution.**  All action on the part of Golden Phoenix necessary for the authorization, execution, delivery and performance of all of its obligations

4

M C

under this Agreement has been taken and this Agreement constitutes the valid and legally binding obligation of Golden Phoenix enforceable in accordance with its terms subject to laws of general application relating to bankruptcy, insolvency and the relief of debtors and rules of law governing specific performance, injunctive relief or other equitable remedies.

5.4.   No Conflict.   Golden Phoenix will not breach any other agreement or arrangement by entering into or performing this Agreement.

6.   Consent and Waiver of the Company, Remaining Member and Pinnacle to Transfer.   The Company, the Remaining Member and Pinnacle hereby each provide their consent to the transfer of the Membership Interests as contemplated herein and further waive any such rights of first refusal or preemptive rights as may be applicable.

7.   Indemnification.   Pinnacle and Golden Phoenix each agree to indemnify, defend and hold the other and its directors, officers, shareholders, partners, employees, subsidiaries, affiliates and agents (each an "Indemnified Party") harmless from any and all losses, liabilities, obligations, claims, contingencies, damages, costs and expenses, including all judgments, amounts paid in settlements, court costs and reasonable attorneys' fees and costs of investigation (collectively, "Losses") that any such Indemnified Party may suffer or incur as a result of or relating to any misrepresentation, breach or inaccuracy of any representation, warranty, covenant or agreement made by such Party in this Agreement.

8.   Miscellaneous.

8.1   Entire Agreement; Successors and Assigns.   This Agreement constitutes the entire contract between the Parties relative to the purchase of the Membership Interests. Any previous agreement between the Parties with regard to the subject matter is superseded by this Agreement.   Subject to the exceptions specifically set forth in this Agreement, the terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective executors, administrators, heirs, successors and assigns of the Parties.

8.2   Governing Law.   This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada excluding those laws that direct the application of the laws of another jurisdiction.

8.3   Counterparts.   This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.4   Headings.   The headings of the sections of this Agreement are for convenience and shall not by themselves determine the interpretation of this Agreement.

8.5   Notices.   Any notice required or permitted hereunder shall be given in writing and shall be conclusively deemed effectively given upon: (i) personal delivery or (ii) five (5) days after deposit in the United States mail for domestic delivery, by registered or certified mail, postage prepaid, addressed as set forth on the signature page to this Agreement, by

5

PM-000005

registered or certified mail, postage prepaid, addressed as set forth herein or at such other address as a Party may designate by ten (10) days' advance written notice to the other Parties hereto.

8.6    Attorneys Fees.   Should a Party institute any action or proceeding to enforce this Agreement, the prevailing Party shall be entitled to receive from the other Party all reasonable out-of-pocket costs and expenses, including, without limitation, attorneys' fees.

8.7    Survival of Warranties, Representation, and Acknowledgments.   The warranties, representations, acknowledgments of the Parties contained in or made pursuant to this Agreement shall survive the execution and delivery of this Agreement; provided, however, that such representations, warranties, and acknowledgments need only be accurate as of the date of such execution and delivery.

8.8    Waiver.   Any of the terms or conditions of this Agreement may be waived at any time by the Party entitled to the benefit thereof, but no such waiver shall affect or impair the right of the waiving Party to require observance, performance or satisfaction either of that term or condition as it applies on a subsequent occasion or of any other term or condition.

8.9    Representation by Counsel.   Each Party acknowledges that it has been represented by independent legal counsel of its own choice throughout all of the negotiations preceding execution of this Agreement.

8.10    Binding Arbitration.   Any dispute between the Parties shall be submitted to, and conclusively determined by, binding arbitration under the commercial rules of the American Arbitration Association.   The provisions of this Section shall not preclude any Party from seeking injunctive or other provisional or equitable relief in order to preserve the status quo of the Parties pending resolution of the dispute, and the filing of an action seeking injunctive or other provisional relief shall not be construed as a waiver of that Party's arbitration rights.   In the case of any dispute between the Parties to this Agreement, a Party shall have the right to initiate the binding arbitration process provided for in this Section by serving upon the other Party or parties a demand for arbitration.   Notwithstanding any other provision of law, in order to be enforceable a demand for arbitration must be served within sixty (60) days of the date on which a Party discovers, or reasonably should have discovered, facts giving rise to a dispute as defined above.   Within thirty (30) days of service of a demand for arbitration by a Party to this Agreement, the Parties shall endeavor in good faith to select a single arbitrator.   Any arbitration hearing shall be conducted in Washoe County, Nevada.

8.11    Severability.   In the event that any provision of this Agreement becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Agreement shall continue in full force and effect without said provision; provided that no such severability shall be effective if it materially changes the economic benefit of this Agreement to any Party.

8.12    Facsimile Signature.   Any Party may effect the execution and delivery of this Agreement by signing the same and sending a signed copy thereof via facsimile, e-mail, or other form of instantaneous electronic transmission, which shall be valid as an original signature.

6

The Parties hereto have executed this Membership Interest Purchase Agreement as of the
day and year first above written.

PINNACLE MINERALS CORPORATION

By:
Name: _____
Its: _____
Address for Notice: _____
_____

GOLDEN PHOENIX MINERALS, INC.

By:
Name: _____
Its: _____
Address for Notice: _____
_____

AODYCO, LLC

By:
Name: _____
Its: _____
Address for Notice: _____
_____

SALWILL INTERNATIONAL LTD.

By:
Name: _____
Its: _____
Address for Notice: _____
_____

PM-000007



CV15-01300
GOLDEN PHOENIX MINERALS VS.
District Court
Washoe County
DC-0909006793B0-072
5 Pages
07/02/2015 04:51 PM
$3605
K 1M3Fc

# EXHIBIT 3

# EXHIBIT 3

CM/ECF - nvd - District Version 1.1 ●                        ● Page 1 of 4

CLOSED

## United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:13-cv-00915-MMD-NJK

Pinnacle Minerals Corporation v. Golden Phoenix Minerals, Inc.

Assigned to: Judge Miranda M. Du
Referred to: Magistrate Judge Nancy J. Koppe
Demand: $42,000,000
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 05/22/2013
Date Terminated: 07/19/2013
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Pinnacle Minerals Corporation**
*a Florida Corporation*

represented by **Jose Javier Teurbe-Tolon**
Law Offices of Jose Teurbe-Tolon, P.A.
2250 S.W. 3rd Ave., Ste. 303
Miami, FL 33129
305-733-1592
Fax: 305-854-5324
Email: joett@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phillip S. Aurbach**
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145-
702-382-0711
Fax: 702-382-5816
Email: paurbach@maclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christian T Balducci**
Marquis Aurbach Coffing
10001 Park Run Ave
Las Vegas, NV 89145
702-382-0711
Fax: 702-856-8971
Email: ctb@maclaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**                                 represented by



**Golden Phoenix Minerals, Inc.**
*a Nevada Corporation*

**Michael J Morrison**

1495 Ridgeview Drive #220
Reno, NV 89509
775-827-6300
Fax: 775-827-6311
Email: michael@pyramid.net
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2013 | 1 | COMPLAINT against Golden Phoenix Minerals, Inc. (Filing fee $400, Receipt #NVLAS019165) filed by Pinnacle Minerals Corporation. Certificate of Interested Parties due by 6/2/2013. Proof of service due by 9/20/2013. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt) (SLD) (Entered: 05/23/2013) |
| 05/22/2013 | 2 | VERIFIED PETITION for Permission to Practice Pro Hac Vice for Attorney Jose Teurbe-Tolon and DESIGNATION of Local Counsel Attorney Phillip Aurbach (Filing fee $ 200, Receipt #NVLAS019165) by Plaintiff Pinnacle Minerals Corporation. Motion ripe 5/22/2013. (Attachments: # 1 Receipt)(SLD) (Entered: 05/23/2013) |
| 05/23/2013 | | Case assigned to Judge Miranda M. Du and Magistrate Judge Nancy J. Koppe. (JAG) (Entered: 05/23/2013) |
| 05/28/2013 | 3 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du, on 5/28/2013. By Deputy Clerk: Peggie Vannozzi. This case has been assigned to the Honorable Miranda M. Du. Judge Du's Civil Standing Order is posed on the U.S. District Court, District of Nevada public website. It may be accessed directly via this hyperlink: This case has been assigned to the Honorable Miranda M. Du. Judge Dus Civil Standing Order is posted on the U.S. District Court, District of Nevada public website and may also be accessed directly via this hyperlink:<br><br>www.nvd.uscourts.gov **(no image attached)** (Copies have been distributed pursuant to the NEF - PAV) Modified on 6/13/2013 (PAV). Modified on 6/13/2013 (PAV). Modified on 6/13/2013 (PAV). Modified on 6/13/2013 (PAV). (Entered: 05/28/2013) |
| 05/29/2013 | 4 | ORDER Granting 2 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Jose Teurbe-Tolon and approving Attorney Phillip S. Aurbach as Designation of Local Counsel for Pinnacle Minerals Corporation. Signed by Judge Miranda M. Du on 5/28/2013.<br>Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - SLD) (Entered: 05/29/2013) |
| 05/29/2013 | 5 | PROPOSED SUMMONS to be issued , filed by Plaintiff Pinnacle Minerals Corporation. (teurbe-tolon, Jose) (Entered: 05/29/2013) |



| 05/29/2013 | 6 | Summons Issued as to Golden Phoenix Minerals, Inc. re 1 Complaint,. (RFJ) (Entered: 05/29/2013) |
|---|---|---|
| 05/31/2013 | 7 | CERTIFICATE of Interested Parties filed by Pinnacle Minerals Corporation. There are no known interested parties other than those participating in the case. (Teurbe-Tolon, Jose) (Entered: 05/31/2013) |
| 06/05/2013 | 8 | SUMMONS Returned Executed by Pinnacle Minerals Corporation re 1 Complaint,. Golden Phoenix Minerals, Inc. served on 5/30/2013, answer due 6/20/2013. (Balducci, Christian) (Entered: 06/05/2013) |
| 06/12/2013 | 9 | NOTICE of Appearance by attorney Michael J Morrison on behalf of Defendant Golden Phoenix Minerals, Inc.. (Morrison, Michael) (Entered: 06/12/2013) |
| 06/14/2013 | 10 | MOTION to Extend Time, re: 1 COMPLAINT; filed by Defendant Golden Phoenix Minerals, Inc.. Motion ripe 6/14/2013. (Morrison, Michael) (Entered: 06/14/2013) |
| 06/17/2013 | 11 | AMENDED MOTION to Extend Time re 1 Complaint, filed by Defendant Golden Phoenix Minerals, Inc.. Motion ripe 6/17/2013. (Morrison, Michael) (Entered: 06/17/2013) |
| 06/19/2013 | 12 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du, on 6/19/2013. By Judicial Assistant: Kathy Ryd. Good cause appearing, IT IS ORDERED that Defendant's Amended Unopposed Motion for Extension of Time to File Response to Complaint (First Request)(dkt. no. 11) is GRANTED. IT IS FURTHER ORDERED that Defendant's Unopposed Motion for Extension of Time to File Response to Compaint (First Request) (dkt. no. 10) is denied as moot. (Copies have been distributed pursuant to the NEF - KER) (Entered: 06/19/2013) |
| 07/01/2013 | 13 | MOTION to Stay re 1 Complaint, by Defendant Golden Phoenix Minerals, Inc.. Motion ripe 7/1/2013. (Attachments: # 1 Exhibit 1)(Morrison, Michael) (Entered: 07/01/2013) |
| 07/01/2013 | 14 | EXHIBIT(s) 2 and 3 to 13 MOTION to Stay re 1 Complaint, ; filed by Defendant Golden Phoenix Minerals, Inc...(Attachments: # 1 Exhibit 3) (Morrison, Michael) (Entered: 07/01/2013) |
| 07/01/2013 | 15 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Nancy J. Koppe, on July 1, 2013. RE: 13 Defendants Motion to Stay. IT IS ORDERED that a Response shall be filed by July 8, 2013; and the Reply is due by July 11, 2013. (no image attached) (Copies have been distributed pursuant to the NEF - KBB) (Entered: 07/01/2013) |
| 07/05/2013 | 16 | MOTION to Extend Time re: 13 MOTION to Stay; filed by Plaintiff Pinnacle Minerals Corporation. Motion ripe 7/5/2013. (Teurbe-Tolon, Jose) (Entered: 07/05/2013) |
| 07/08/2013 | 17 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du, on 7/8/2013. By Deputy Clerk: Peggie Vannozzi. Good cause appearing, it is ordered that Plaintiff's Motion to Extend Time to File a Repsonse to Defendant's Motion to Stay Complaint is GRANTED. Plaintiff shall have 14 |



| | | |
|---|---|---|
| | | days from entry of this order to Respond to <u>13</u> MOTION to Stay re <u>1</u> Complaint. **(no image attached)** (Copies have been distributed pursuant to the NEF - PAV) (Entered: 07/08/2013) |
| 07/08/2013 | 18 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Miranda M. Du, on 7/8/2013. By Judicial Assistant: Kathy Ryd. Good cause appearing, IT IS ORDERED that Plaintiff's Motion for Extension of Time to File Plaintiff's Response to Defendant's Motion to Stay Complaint (dkt. no. 16) is GRANTED. Plaintiff shall have fourteen (14) days from entry of this order to respond to Defendant's Motion to Stay. (Copies have been distributed pursuant to the NEF - KER) (Entered: 07/08/2013) |
| 07/19/2013 | <u>19</u> | NOTICE of Voluntary Dismissal by Plaintiff Pinnacle Minerals Corporation. (Teurbe-Tolon, Jose) (Entered: 07/19/2013) |
| 07/19/2013 | | Civil Case Terminated per <u>19</u> Notice of Voluntary Dismissal without Prejudice. (SLD) (Entered: 07/22/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/30/2015 14:04:16 | | | |
| PACER Login: | pb0010:2611294:0 | Client Code: | Golden Phoenix |
| Description: | Docket Report | Search Criteria: | 2:13-cv-00915-MMD-NJK |
| Billable Pages: | 3 | Cost: | 0.30 |



# EXHIBIT 4

# EXHIBIT 4

1 Marquis Aurbach Coffing
  Phillip S. Aurbach, Esq.
2 Nevada Bar No. 1501
  Christian T. Balducci, Esq.
3 Nevada Bar No. 12688
  10001 Park Run Drive
4 Las Vegas, Nevada 89145
  Telephone: (702) 382-0711
5 Facsimile: (702) 382-5816
  paurbach@maclaw.com
6 cbalducci@maclaw.com

.7 Law Offices of Jose Teurbe-Tolon, P.A.
  Jose Teurbe-Tolon, Esq.
8 Florida Bar No. 0087791
  2250 S.W. 3rd Avenue, #303
9 Miami, Florida 33129
  Telephone: (305) 733-1592
10 Facsimile: (305) 854-5324
   joett@hotmail.com
11 *Attorneys for Pinnacle Minerals, Inc.*

12              **ARBITRATION BEFORE**

13      **THE HONORABLE JERRY WHITEHEAD (RET.)**

14 PINNACLE MINERALS, INC., a Florida
   corporation,
15
16                      Plaintiff,
17
        vs.
18
19 GOLDEN PHOENIX MINERALS, INC., a
   Nevada corporation; DOES I through X,
20 inclusive; and ROE CORPORATIONS I through
   X, inclusive,
21
22                      Defendant.
23

24       **ORDER GRANTING EMERGENCY MOTION FOR**
         **PRE-JUDGMENT WRIT OF GARNISHMENT**

25       This matter having come on for telephonic hearing on April 10, 2014 at 1:30 p.m., on

26 Plaintiff Pinnacle Minerals, Inc.'s Emergency Motion for Pre-Judgment Writ of Garnishment,

27 Christian T. Balducci, Esq., of the law firm of Marquis Aurbach Coffing, appearing on behalf of

28 Plaintiff PINNACLE MINERALS, INC., and Defendant GOLDEN PHOENIX MINERALS,

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

INC., appearing by and through its counsel of record, Michael J. Morrison, Esq., of Michael J. Morrison, Chtd., this Arbitral Tribunal having considered the pleadings and papers on file, the arguments of counsel, and good cause appearing therefore; this Arbitral Tribunal hereby **GRANTS** Plaintiff Pinnacle Minerals, Inc.'s Emergency Motion for Pre-Judgment Writ of Garnishment as follows:

1. That this Arbitral Tribunal has jurisdiction to enter a provisional remedy such as a pre-judgment writ or freezing order pursuant to NRS 38.222 and NRS Chapter 38 et. seq.;

2. That Defendant Golden Phoenix Minerals, Inc. shall deposit $190,000.00 upon receipt of the $2,340,000.00 it is set to receive on or around Monday April 14, 2014 into the trust account of Michael J. Morrison, Chtd.;

3. That the $190,000.00 deposited by Defendant Golden Phoenix Minerals, Inc. into the trust account of Michael J. Morrison, Chtd. shall be held pre-judgment to satisfy any judgment Plaintiff Pinnacle Minerals, Inc. may obtain in this matter;

4. That the $190,000.00 deposited by Defendant Golden Phoenix Minerals, Inc. into the trust account of Michael J. Morrison, Chtd. shall not be released until further order of this Arbitral Tribunal;

5. That Defendant Golden Phoenix Minerals, Inc., by way of its attorney of record, shall provide proof to this Arbitral Tribunal and to Plaintiff Pinnacle Minerals, Inc. that the $190,000.00 was deposited into the trust account of Michael J. Morrison, Chtd.;

6. That Plaintiff Pinnacle Minerals, Inc. shall post a $190,000.00 surety bond or shall deposit a $190,000.00 cash bond into the trust account of Marquis Aurbach Coffing to secure costs, fees, and damages Golden Phoenix Minerals, Inc. may sustain by reason of wrongful attachment or in the event Pinnacle Minerals, Inc. does not prevail on its claims;

7. To the extent that Plaintiff Pinnacle Minerals, Inc. posts a cash bond in lieu of a surety bond, said cash bond shall not be released until further order of this Arbitral Tribunal;

8. That proof of said bond, whether surety or cash, shall be provided to this Arbitral Tribunal and to Defendant Golden Phoenix Minerals, Inc.;

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

9.     That Defendant Golden Phoenix Minerals, Inc. and Plaintiff Pinnacle Minerals, Inc. shall comply with all provisions of this Order;

10.     The Arbitration Hearing in this matter is hereby CONTINUED to September 8, 2014 beginning at 9:00 a.m.

IT IS SO ORDERED.

Dated this ___ day of April, 2014

_____
HONORABLE JUDGE JERRY WHITEHEAD
(RET.)

Submitted by:

MARQUIS AURBACH COFFING

By /s/ Christian T. Balducci, Esq.
   Phillip S. Aurbach, Esq.
   Nevada Bar No. 1501
   Christian T. Balducci, Esq.
   Nevada Bar No. 12688
   10001 Park Run Drive
   Las Vegas, Nevada 89145

LAW OFFICES OF JOSE TEURBE-TOLON, P.A.

By /s/ Jose Teurbe-Tolon, Esq.
   Jose Teurbe-Tolon, Esq.
   Florida Bar No. 0087791
   2250 S.W. 3rd Avenue, #303
   Miami, Florida 33129
   *Attorneys for Pinnacle Minerals, Inc.*

Approved as to form:

MICHAEL J. MORRISON, CHTD.

By /s/ Michael J. Morrison, Esq.
   Michael J. Morrison, Esq.
   Nevada Bar No. 1665
   1495 Ridgeview Drive, Suite 220
   Reno, Nevada 89519
   *Attorney for Golden Phoenix Minerals, Inc.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816



CV15-01300
GOLDEN PHOENIX MINERALS VS.
District Court
Washoe County

# EXHIBIT 5

# EXHIBIT 5

1

2

**JERRY CARR WHITEHEAD
MEDIATION SERVICE**
10389 Double R Blvd.
Reno, Nevada 89521
Telephone: (775) 825-7770
Facsimile: (775) 825-8294

3

4

5

6

June 29, 2015

7

8

**IN ARBITRATION BEFORE HON. JERRY CARR WHITEHEAD**

9

**IN AND FOR WASHOE COUNTY, STATE OF NEVADA**

10

11 | PINNACLE MINERALS CORPORATION | )

12 |       Plaintiff, | )

13 |       Vs. | )

14 | GOLDEN PHOENIX MINERALS, INC., | )

15 | | )

16 |       Defendant. | )     **ORDER TO**

17 | _____ | )     **RELEASE**
                                    **FUNDS**

18 | | )

19 | GOLDEN PHOENIX MINERALS, INC. | )

20 |       Counter-Claimant, | )

21 |       Vs. | )

22 | PINNACLE MINERALS CORPORATION, | )

23 | | )

24 |       Counter-Defendant,
      Defendants. | )

25 | | )

26

27

28

WHITEHEAD & WHITEHEAD
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

During the pendency of this arbitration the Plaintiff, Pinnacle Minerals Corporation became aware that the Defendant, Golden Phoenix Minerals was expected to receive a payment in excess of 2 million dollars. Pinnacle then filed a request with the Arbitrator asking to hold at least a portion of the money to cover any award that Pinnacle might receive.

At the time that this request was made, not only was the Plaintiff seeking damages from the Defendant, but also the Defendant Golden Phoenix Minerals was counter claiming for monetary damages against Pinnacle. The Arbitrator did not know which party might prevail in the arbitration.

Plaintiff in their request, asserted that Defendant Golden Phoenix was in financial distress and provided an exhibit supporting that position. The Arbitrator did consider that he was prepared to rule on the financial solvency of either party. I noted that the check Golden Phoenix was anticipated to receive alone was in excess of 2 million dollars. In addition, the Arbitrator had no knowledge as to the financial stability of the Plaintiff Pinnacle Minerals. The only knowledge available to him concerning Pinnacle's financial abilities is that it was owned by one person who was incarcerated in a Federal Penitentiary.

Pinnacle had requested the funds under a specific Nevada statute. However, the order was not made pursuant to that statute. The only way that the Arbitrator would have entered an order putting funds in trust is if applied to both parties and if they agreed to the approach. This order was not issued pursuant to any specific statute but it was an order to which both parties did not object. The order was prepared and written by counsel for Pinnacle without objection and Golden Phoenix voiced no objection to this order. That order provided that a $190,000.00 cash bond or surety bond was "... in the event Pinnacle Minerals Incorporated does not prevail on its claim."

WHITEHEAD & WHITEHEAD
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

1
2
3    Therefore, having considered Defendant/Counter-Claimant Golden
4    Phoenix Minerals, Inc.'s request for Order to Release Funds, the Arbitrator
5    hereby orders Plaintiff/Counter-Defendant Pinnacle Minerals, Inc.
6    "(Pinnacle)" to release the $190,000.00 security sum currently held in the
7    client trust account of Maupin, Cox & Legoy to Golden Phoenix Minerals, Inc.
8    in partial satisfaction of the Arbitrator's Decision in the above-referenced
9    matter. Pinnacle shall provide proof of release of the funds to the Arbitrator
10   no later that Friday July 3, 2015 at 12:00 p.m. Pacific Standard time.
11
12   DATED: June 29th, 2015
13                                   JERRY CARR WHITEHEAD
14                                   10389 Double R. Blvd.
15                                   Reno, Nevada 89521
16
17
18
19
20
21
22
23
24
25
26
27
28

WHITEHEAD & WHITEHEAD
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I the undersigned, hereby certify that on the 29th day of June, 2015, I

mailed a true and correct copy of the foregoing **ARBITRATOR'S ORDER** in a

sealed envelope with postage fully prepaid addressed t o the following:

Todd R. Alexander, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street
Third Floor
Reno, NV 89519
**775.786-6868**
tra@lge.net

Rew Goodenow
PARSONS & BHELE
50 West Liberty Street, Suite 750
Reno, NV 89501
rgoodenow@parsonsbehle.com
**775.323-1601**

Jose J. Teurbe-Tolon, Esq.
LAW OFFICE OF JOSE J. TEURBE-TOLON, P.A.
2250 SW 3 Avenue, Suite 103
Miami, FL 33129
**786-332-2777**
joett@hotmail.com

Matthew Troccoli, Esq.
2250 SW 3rd Ave. Suite 103
Miami, FL 33129
**785.558.3850**
matthewtroccoliesq@gmail.com

Rick R. Hsu
MAUPIN, COX & LEGOY
4785 Caughlin Pkwy
Reno, NV 89520
**(775) 827-2000**
rhsu@mclrenolaw.com

WHITEHEAD & WHITEHEAD
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

# EXHIBIT 2

# EXHIBIT 2

IN ARBITRATION BEFORE HON. JERRY CARR WHITEHEAD

IN AND FOR WASHOE COUNTY, STATE OF NEVADA

| | |
|---|---|
| **PINNACLE MINERALS CORPORATION** | ) |
| Plaintiff, | ) |
| Vs. | ) |
| **GOLDEN PHOENIX MINERALS, INC.,** | ) |
| Defendant. | ) |
| **GOLDEN PHOENIX MINERALS, INC.** | ) |
| Counter-Claimant, | ) |
| Vs. | ) |
| **PINNACLE MINERALS CORPORATION,** | ) |
| Counter-Defendant, Defendants. | ) |
| _____ | ) |

ARBITRATOR'S DECISION

This dispute concerns a tailings pile in Peru, which was represented by the sellers as being very valuable. The company Molyco was formed to hold title to that tailings pile. Pinnacle Minerals Corporation purchased 32.5% of the membership interest in Molyco and later sold it's interest to Golden Phoenix.

The factual record was somewhat difficult to put together because during the critical period of time the owner of Pinnacle was not involved in the business. Therefore, he gave a Power of Attorney to Marco Cerenko to handle all matters. His attorney, Mr. Cerenko, did not make himself available for his testimony either by deposition or in person at the arbitration. There were two

other key witnesses, David Caldwell and Mr. Salaverria, neither or whose testimony was presented to the arbitrator. However, from the available evidence, Mr. Cerenko did not believe that Molyco held title to the tailings pile. Despite this knowledge, Mr. Cerenko represented to Golden Phoenix that they would get title. Counsel was acting with authority from Pinnacle when he made these representations.

Ultimately, it was determined that Molyco did not have title to the property. However, Golden Phoenix had already paid $310,000.00 to Pinnacle and had executed two promissory notes to them and expended $100,000.00 on the development.

Pinnacle brought this arbitration to collect on the promissory notes and for their attorney's fees. Golden Phoenix has defended the action and counter claimed for damages and attorneys fees.

I find that Pinnacle committed fraud in the sale of its interest in Molyco, by knowingly misrepresenting the ownership of the property and further breached the contract with Golden Phoenix.

The Arbitrator rules against Pinnacle and denies its claims.

Golden Phoenix is entitled to damages as follows:

| | | |
|---|---|---|
| Return of cash paid. | | $310,000.00 |
| Expenses towards production: | | $100,000.00 |
| Attorneys Fees: | | $163,469.00 |
| Loss of Profits: | $1,700,000.00 | |
| | (Rejected) | |
| Total Damages Awarded: | | $573,469.00 |

If counsel desires specific findings of fact they may submit them for consideration.

Golden Phoenix may now withdraw the funds held in Mr. Morrison's trust account.

_Jerry Carr Whitehead_                    June 4, 2015
Judge Jerry Carr Whitehead, (Ret.)

WHITEHEAD & WHITEHEAD
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

# EXHIBIT 3

# EXHIBIT 3



**ORDERED in the Southern District of Florida on October 5, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                              Chapter 11

PINNACLE MINERAL CORPORATION

                                                                    CASE NO.  15-22098-BKC-AJC

        Debtor.
_____/

### ORDER GRANTING IN PART RELIEF FROM THE AUTOMATIC STAY

**THIS MATTER** came before the Court on September 30, 2015 at 11:00 A.M. *sua sponte*

and on Golden Phoenix Minerals, Inc.'s ("Golden Phoenix") (1) Response in Opposition to Motion

for Turnover of Property of the Estate; and (2) Motion for Relief from the Automatic Stay (the

"Motion")  [ECF No. 31] and Debtor, Pinnacle Mineral Corporation's ("Debtor" or "Pinnacle")

Reply to Golden Phoenix's Motion (the "Reply"). The Court, having reviewed the Motion, the

Reply, the record, and having considered oral argument by counsel for the Parties:

        **ORDERS** that

1.      The Motion is **GRANTED IN PART AND DENIED IN PART**.

2.       The automatic stay is lifted so that all proceedings relating to the arbitration between Golden Phoenix and the Debtor before the Honorable Jerry Carr Whitehead (Ret.) pending in Washoe County, Nevada (the "Arbitration") may be adjudicated to conclusion, including but not limited to any pending motions, the confirmation of the Arbitration award, and any and all post-award proceedings.

3.       Neither Golden Phoenix nor the Debtor shall execute on any past, present, and/or future orders, rulings, and/or judgments relating to the Arbitration award and/or to the subject $190,000 pending further Order of this Court.

4.       The law firm of Maupin, Cox & Legoy shall continue holding the subject $190,000 pending further Order of this Court.

# # #


Submitted by:

Joaquin J. Alemany, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel. (305) 374-8500
Fax (305) 789-7799
E-mail: joaquin.alemany@hklaw.com

Joaquin Alemany, Esq.
(Attorney Alemany is directed to serve copies of this Order upon those served with the original motion, immediately upon receipt hereof, and to file a certificate of service with the Court confirming such service.)