UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GOLDEN PHOENIX MINERALS, INC.,

Petitioner,

vs.

PINNACLE MINERALS, INC.,

Respondent.

3:15-cv-00521-RCJ-WGC

ORDER

This case arises out of the arbitration of a dispute over one or more promissory notes. Pending before the Court is a Motion to Dismiss Counterclaims (ECF No. 19). For the reasons given herein, the Court grants the motion.

I.   **FACTS AND PROCEDURAL HISTORY**

In 2013, Respondent Pinnacle Minerals, Inc. sued Petitioner Golden Phoenix Minerals, Inc. in this District on two promissory notes. That case, No. 2:13-cv-915, was assigned to the Hon. Miranda Du. Before any answer or motion for summary judgment was filed, Respondent voluntarily dismissed as of right because the parties had agreed to arbitrate the claims. Petitioner filed the present case in state court in July 2015, seeking confirmation of the arbitration award of $573,469 in its favor under Nevada Revised Statutes section ("NRS") 38.239 and the Federal Arbitration Act ("FAA"). (*See* Pet. ¶¶ 1–28, ECF No. 1-3). Respondent removed and moved to

vacate the award and to stay the case pending the arbitrator's resolution of a motion for reconsideration. The Court granted the motion to stay and denied the motion to vacate, without prejudice. In the meantime, Respondent answered and filed counterclaims for declaratory judgment and wrongful garnishment. Petitioner has moved to dismiss the counterclaims.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability thereunder, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.     ANALYSIS

Petitioner argues that the counterclaims are procedurally improper under both Chapter 38 of the NRS and the FAA.  To the extent the FAA provides procedural rules inconsistent with the Federal Rules of Civil Procedure, the FAA controls.  *See* Fed. R. Civ. P. 81(a)(6)(B).  Petitioner notes that the Eleventh Circuit has ruled that only defenses enumerated in §§ 10 and 11 of the FAA may be brought as counterclaims in actions to confirm arbitration awards.  *See Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 931 (11th Cir. 1990) ("In other words, Rule 13 of the Federal Rules applies to a § 9 motion to confirm an arbitration award only to the extent the Rule is consistent with the language and purpose of the Arbitration Act.  We conclude that it would be inconsistent with the language and purpose of the Arbitration Act to allow counterclaims under Rule 13, other than counterclaims that fall within the specific defenses permitted under §§ 10 and 11 of the Arbitration Act." (footnote omitted)).  The Court of Appeals cited *Booth* in approval in a pre-2007 unpublished case.  The Court agrees with these authorities.

The grounds for vacating or modifying an arbitration award are corruption, fraud, undue means, partiality, misconduct, exceeding powers, miscalculation or misidentification, rulings on matters not submitted, or errors in the form of the award.  *See* 9 U.S.C. §§ 9, 10.  Moreover, the only remedies are modification of or vacation of the award.  The first counterclaim is a for a declaration that the arbitrator may not order the use the $190,000 Respondent deposited into its attorney's trust account (as a bond at the order of the arbitrator) in order to satisfy the arbitration award in favor of Petitioner, but that Petitioner must use the statutory garnishment procedure under Chapter 33 of the NRS to reach those funds.  The second counterclaim is for wrongful garnishment under NRS 31.030.  The only basis for a counterclaim under §§ 10 or 11 implied in the Counterclaim here is that the arbitrator exceeded his powers under 9 U.S.C. § 10(a)(4);

specifically, that he did not have the power to order that Respondent's bond meant to secure wrongful garnishment be used to pay Petitioner's own award without requiring Petitioner to garnish the bond itself under state law.

Respondent was the claimant in the arbitration. Because Respondent believed Petitioner to be insolvent, it sought a prejudgment writ of garnishment from the arbitrator in the amount of $190,000 (the outstanding balance on the debt it claimed it was owed). (Countercl. ¶ 7, ECF No. 17). In an April 11, 2014 order, the arbitrator ordered that Petitioner place that amount of money into a trust account with its attorney "to satisfy any judgment [Respondent] may obtain . . . ." (Id.). Because Nevada law required Respondent to post a bond to cover damages from the potential wrongfulness of the attachment were Petitioner to prevail, the order also required Respondent to deposit $190,000 in its own attorney's trust account to cover "damages [Petitioner] may sustain by reason of wrongful attachment or in the event [Respondent] does not prevail on its claims." That language indicates that Respondent's bond could be used not only to cover damages for wrongful attachment of Petitioner's own money but also to cover damages awarded to Petitioner ("or in the event [Respondent] does not prevail on its claims."). Respondent argues that the arbitrator did not have the authority to so order without making Petitioner conduct a separate garnishment based on its eventual award.

The Court grants the motion to dismiss. The Court need not reach the propriety under state law of the arbitrator's action in ordering that the bond be garnished, because the counterclaims simply do not seek vacation or modification of the award itself. Indeed, in its opposition, Respondent admits (with emphasized text) that its counterclaims do not seek to challenge any arbitration award but only the arbitrator's post-judgment actions. That is not to say that Respondent has no remedy. Respondent may be able to sue Petitioner and/or the

arbitrator in state court for wrongful garnishment. Just as one who suffers a breach of a settlement agreement may not ask the court before which the original action was pending for a remedy but must usually file a separate action for breach of contract, Respondent here may not ask this Court to remedy an alleged post-judgment wrong not affecting the merits of the arbitration award but must bring a separate action for wrongful garnishment. This Court cannot consider those claims as counterclaims in an FAA suit to confirm an arbitration award.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Counterclaims (ECF No. 19) is GRANTED.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge