UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| GOLDEN PHOENIX MINERALS, INC., ) ) Petitioner, ) ) vs. ) ) PINNACLE MINERALS, INC., ) ) Respondent. ) | 3:15-cv-00521-RCJ-WGC ORDER |

This case arises out of the arbitration of a dispute over one or more promissory notes. Pending before the Court is a Motion to Lift Stay (ECF No. 25). The Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

In 2013, Respondent Pinnacle Minerals, Inc. sued Petitioner Golden Phoenix Minerals, Inc. in this District on two promissory notes. That case, No. 2:13-cv-915, was assigned to the Hon. Miranda Du. Before any answer or motion for summary judgment was filed, Respondent voluntarily dismissed as of right because the parties had agreed to arbitrate the claims. Petitioner filed the present case in state court in July 2015, seeking confirmation of the eventual arbitration award of $573,469 in its favor under Nevada Revised Statutes section ("NRS") 38.239 and the Federal Arbitration Act ("FAA"). (*See* Pet. ¶¶ 1–28, ECF No. 1-3). Respondent removed and moved to vacate the award and to stay the case pending the arbitrator's resolution of a motion for

reconsideration. The Court granted the motion to stay and denied the motion to vacate, without prejudice. In the meantime, Respondent answered and filed counterclaims for declaratory judgment and wrongful garnishment. Petitioner moved to dismiss the counterclaims, and the Court granted the motion. Petitioner has now asked the Court to lift the stay.

## II.  DISCUSSION

Respondent previously asked the Court to stay the case until the arbitrator ruled on a pending motion to reconsider, and Petitioner filed a notice of non-opposition. Respondent now asks the Court to lift the stay, noting that the arbitrator has denied the motion to reconsider. Petitioner agrees but argues that rather than set dates for a response and reply to the previous motion to vacate, the Court should first set a date for an amended motion to vacate, as it denied the previous motion without prejudice. Petitioner notes that it is currently securing new local counsel. In reply, Respondent argues that there is no basis to give Petitioner 30 additional days to amend the motion.

The Court agrees with Respondent. Primary counsel for Petitioner remains the same. It is Petitioner's primary counsel (from Florida) who prepared and signed the previous motion. Association of new local counsel is a formality required by the local rules. There is no reason to think it would affect the substance of the motion. Petitioner also notes that it wishes to amend the motion based on interceding orders entered by the arbitrator. But Petitioner attacks the award previously entered and does not argue that the arbitrator amended the award in the meantime such that the motion attacking it need be amended.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Lift Stay (ECF No. 25) is GRANTED, and the stay is LIFTED.

IT IS FURTHER ORDERED that the Motion to Vacate (ECF No. 12) is REINSTATED, a response shall be due within twenty-one (21) days of the entry of this Order into the electronic docket, and a reply shall be due within fourteen (14) days thereafter.

IT IS FURTHER ORDERED that the Amended Motion to Vacate (ECF No. 30) is STRICKEN, and the Motion to Continue Stay (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge